THIS ORDER IS APPROVED.

Dated: May 03, 2011



JAMES M. MARLAR
Chief Bankruptcy Judge

**TIFFANY & BOSCO**
P.A.
**2525 EAST CAMELBACK ROAD**
**SUITE 300**
**PHOENIX, ARIZONA 85016**
**TELEPHONE: (602) 255-6000**
**FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

11-08719

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

IN RE:

Troy James Anderson
      Debtor.
_____
US Bank National Association, as Indenture Trustee for CMLTI 2006-AR1
      Movant,
  vs.

Troy James Anderson, Debtor, Stanley J. Kartchner, Trustee.
      Respondents.

No. 4:11-bk-07464-JMM

Chapter 7

ORDER

(Related to Docket #10)

    Movant's Motion for Relief from the Automatic Stay and Notice along with the form of proposed Order Lifting Stay, having been duly served upon Respondents, Respondents' counsel and Trustee, if any, and no objection having been received, and good cause appearing therefore,

    IT IS HEREBY ORDERED that all stays and injunctions, including the automatic stays imposed

by U.S. Bankruptcy Code 362(a) are hereby vacated as to Movant with respect to that certain real property which is the subject of a Deed of Trust dated December 16, 2005 and recorded in the office of the Pinal County Recorder wherein US Bank National Association, as Indenture Trustee for CMLTI 2006-AR1 is the current beneficiary and Troy James Anderson has an interest in, further described as:

> LOT 174, PARCEL 2 AT CIRCLE CROSS RANCH, ACCORDING TO THE PLAT OF RECORD IN THE OFFICE OF THE COUNTY RECORDER OF PINAL COUNTY, ARIZONA, RECORDED IN CABINET D, SLIDE 86.

IT IS FURTHER ORDERED that Movant may contact the Debtor(s) by telephone or written correspondence regarding a potential Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan Workout/Loss Mitigation Agreement, and may enter into such agreement with Debtors. However, Movant may not enforce, or threaten to enforce, any personal liability against Debtors if Debtors' personal liability is discharged in this bankruptcy case.

IT IS FURTHER ORDERED that this Order shall remain in effect in any bankruptcy chapter to which the Debtor may convert.